**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| AARON M. MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 4:07-cv-78-DFH-WGH |
| | ) | |
| DOLLAR GENERAL STORES, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Concerning Selected Matters and Directing Dismissal of Action**

**I.**

The plaintiff, Aaron M. Muhammad ("Muhammad") has repeatedly violated discovery protocols and obligations and failed to comply with court orders without justification or explanation. For example:

1.     Muhammad failed to timely respond to written discovery requests served on December 5, 2007, including providing signed authorization forms to allow Defendant Dollar General to obtain documents from third parties.  On December 6, 2007, after receiving Dollar General's requests for production and interrogatories, Muhammad left a voicemail for Dollar General's counsel stating:  "If you send me anything else I might just sent return to sender."

2.     On October 25, 2007, Dollar General noticed a deposition of Muhammad to be taken December 7, 2007.  Muhammad never responded, objected, or confirmed.  Having received no communication from Muhammad, Dollar General's counsel contacted him via telephone on December 6, 2007, to inquire about his intentions regarding the noticed December 7 deposition.  Muhammad informed Dollar General's counsel that he did not intend to appear for the deposition or respond to discovery requests.

3.     On December 5, 2007, Dollar General requested that Muhammad provide dates he was available to be deposed after December 18, 2007, once it became apparent that the December 7, 2007 deposition could not proceed. Muhammad failed to make himself available to be deposed on an agreed upon date within the next sixty (60) days.

4.     Dollar General sent via Certified Mail to Muhammad on March 12, 2008, a Consent for Release of Information from the Social Security Administration related to this court's

January 23 instruction to Muhammad that he provide authorization for release of health care information.  Muhammad refused to claim those documents.  They were returned to Dollar General's counsel unclaimed on April 24, 2008.

5.      On March 21, 2008, Dollar General served on Muhammad an amended Notice of Deposition to be taken April 30, 2008.  Counsel for Dollar General made several attempts in the period preceding April 23 to contact Muhammad by phone to confirm his attendance at the April 30 deposition, but all her voicemails were ignored or not responded to.  Finally, Dollar General's counsel had a short conversation with Muhammad on April 23 in which he would only say "he didn't know" if he would appear at the April 30 deposition.  Following that conversation, a letter was sent to Muhammad both via certified mail and U.S. Postal Services Express Mail to arrive April 24.  That letter requested that Muhammad either confirm or request to reschedule his deposition.  Muhammad did not respond.  Accordingly, Dollar General cancelled the noticed April 30 deposition and moved this Court to either dismiss this case or compel Muhammad's attendance at a future deposition.

6.      On May 27, 2008, the court issued an Order specifically commanding Muhammad to sit for his deposition at 10:00 a.m. on June 27, 2008 and to appear at a status conference at 1:00 p.m. on June 27, 2008, at the United States Courthouse in New Albany, Indiana. The May 27, 2008 Entry warned **that failure to appear "may lead to the imposition of sanctions, including dismissal of this action**." (Dkt 25.) Despite this warning, Muhammad failed to appear at either the deposition or the status conference (dkt 26).

## II.

As a result of these violations Dollar General requests the following relief:  dismissal of Muhammad's claims with prejudice (dkt 32), an order holding Muhammad in contempt of this court's May 27, 2008 Order (dkt 28), and reimbursement of attorney fees and costs (dkt 33).

1.      Both Rule 41 and Rule 37(b)(2)(c) of the Federal Rules of Civil Procedure justify dismissal of this action. Pursuant to Rule 41(b):  "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of any claim against him. . . ."  The Supreme Court in *Link v. Wabash Railroad Company*, 370 U.S. 626, 629-30(1962), held that the principle of allowing dismissal of a case for lack of prosecution is grounded in the interests of preventing undue delays, avoiding congestion of court calendars, and providing meaningful access for other prospective litigants to overcrowded courts.  Muhammad's failure to pursue this action diligently and his failure to participate in discovery as required by the rules governing this court and specific court orders makes dismissal under Rule 41 proper.

In addition, Rule 37(b)(2)(c) provides that a court may impose sanctions on a party for failure to cooperate in discovery.  Such sanctions include dismissal of the action.  Muhammad failed without justification to comply with court orders and the discovery

process as discussed in Part I of this Entry.  For example, he failed to appear for a court ordered deposition and status conference.  He was properly advised by the May 27, 2008 Order that his failure to appear for his deposition or at the status conference could result in dismissal of this action.  Muhammad's violation of the May 27, 2008 Order appears willful and intended to cause inconvenience and unnecessary expenses to Dollar General and the Court.  Muhammad's failure to appear at the June 7, 2008, deposition and status conference resulted in Dollar General's counsel traveling to New Albany, contracting with a court reporter, and spending four hours at that location for no reason. At no time prior to June 27, 2008 did Muhammad contact the court or Dollar General's attorney to suggest that any unavoidable or extenuating circumstances had occurred that prevented him from appearing at either the Court-ordered deposition or the Court-ordered hearing. In addition, Muhammad's "response" filed on August 1, 2008 does not provide any specific reason for his failure to appear at the June 27, 2008 deposition and status conference, nor does it address the numerous discovery violations outlined in Dollar General's third motion to dismiss.[1] Under such circumstances, dismissal is clearly warranted.

Accordingly, Dollar General's Third Verified Motion to Dismiss Plaintiff's Claims with Prejudice (dkt 32) is **granted** and Muhammad's case is dismissed with prejudice for his failure to prosecute and as a sanction for his repeated violations of court rules and Orders pursuant to Federal Rules of Civil Procedure 37(b) and 41.

2.    Dollar General filed a motion for order holding plaintiff in contempt of this court's May 27, 2008 Order (dkt 28).  Through this motion, Dollar General seeks compensation for the losses it sustained as a result of Muhammad's failure to appear at the June 27, 2008 deposition and hearing in the amount of $3,201.38.

The Court has authority to find Muhammad in civil contempt.  "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Manez v. Bridgestone Firestone North American Tire, LLC*, 533 F.3d 578 (7th Cir. 2008) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983)).  "A contempt fine accordingly is considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained.'" *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994) (quoting *United States v. Mine Workers*, 330 U.S. 258, 303-304 (1947)).  Dollar General is seeking a remedial effect, that is, for Muhammad to be fined to compensate it for its losses resulting from his non-compliance.

---

[1] The Muhammad's statement that he "has been doing his best to comply with the Court's Orders" and that "health issues, along with some sick friends and family and the death of a close friend's mother" have "thrown him off in getting everything done" is inadequate.  Muhammad's vague explanation is too little too late. Muhammad has not come forward with any evidence to establish his inability to comply with or his lack of knowledge of the May 27 decree.

As the Seventh Circuit recently explained in *Manez*, To establish civil contempt, each of the following elements must be shown by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result.

> *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000) (alterations in original). This court, too, emphasizes the importance of a particular decree or order as a predicate for civil contempt:

> To hold [a person] in civil contempt, the district court "must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated."

> *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir.2002) (*quoting Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir.1999)); *see also* 11A Wright, Miller & Kane, Federal Practice and Procedure § 2960 (2d ed.1995).

Those requirements are satisfied here. Muhammad was ordered to appear at his deposition by a specific Order a month in advance of the scheduled date. The May 27 Order contained specific date and specific times and places for Muhammad to appear. The court's May 27 Order was in Dollar General's favor; it granted Dollar General's motion to compel Muhammad to sit for a deposition.[2]   There could have been no doubt or uncertainty that Muhammad's appearance on June 27 was required.   Nothing in the Court's Order gave Muhammad the option whether to appear.  Muhammad was aware of this Order.  It was mailed to his address on file with the court, and Muhammad has not

---

[2] The May 27, 2008, Order stated in pertinent part:

The defendant's renewed motion to compel plaintiff's deposition or, alternatively, to dismiss plaintiff's claims with prejudice is **granted** to the extent that the **plaintiff is ordered to sit for a deposition on Friday, June 27, 2008, beginning at 10:00 a.m.** The deposition will be conducted at the United States Courthouse, Room, 201, 121 West Spring Street, New Albany, Indiana. The plaintiff's failure to appear at such a scheduled deposition may lead to the imposition of sanctions, including dismissal of this action. *See Federal Rules of Civil Procedure* 37(b)(2)(c) and 41(b).

come forward with any evidence to establish his inability to comply or his lack of knowledge of the May 27 Order.  Muhammad did not notify Dollar General's counsel or the court that he would not appear.

Dollar General was harmed by Muhammad's failure to appear in the amount of $3,201.38. Specifically, Dollar General suffered the following unnecessary expenditures:

   a.  Travel to and from New Albany (240 miles at $0.58 mile): $139.38.
   b.  Court reporter appearance and transcript fees: $150.00.
   c.  Attorney fees incurred to attend deposition and status hearing: $1,248.00.
   d.  Attorney fees incurred to prepare and file motion for contempt: $1,664.00.

Dollar General filed its Motion for Order Holding Plaintiff In Contempt of the Court's May 27, 2008, Order on July 14, 2008, and Muhammad has had ample time to respond and he appears to have done so in his "submission of response" on August 1, 2008.

Accordingly, a finding of civil contempt against Muhammad to compensate Dollar General for the injuries which resulted from Muhammad's failure to comply with the court's May 27, 2008 Order **in the amount of $3,201.38 is granted.**

3.    Dollar General's "renewed request for reimbursement of attorney's fees and costs" pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) (dkt 33) is **granted in part.** In this motion (dkt 33), Dollar General seeks reimbursement for expenses, including attorney fees incurred to file its Third Verified Motion to Dismiss Plaintiff's Claims with Prejudice (dkt 32), this Renewed Request for Reimbursement of Attorney's Fees and Costs (dkt 33), and Defendant's Second Renewed Motion to Compel filed on April 28, 2008 (dkt 24) in the **amount of $4,290.00.** Rule 37(a)(5)(A) provides:

> that if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed--the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

On January 23, 2008, and May 27, 2008, respectively the court effectively granted Dollar General's First and Second Motions to Compel. See Dkts 18 and 24. Both motions to compel specifically sought reimbursement of attorney fees. The court ruled on both the First and Second Motions to Compel but did not address the issue of attorney fees and costs at that time. As a consequence, Dollar General filed this Renewed Request for Reimbursement of Attorney's Fees and Costs. Muhammad has had the opportunity to respond to each of these motions, see dkt 21 and 34. Based on Rule 37(a)(5)(A) Dollar General is entitled to the reasonable expenses, including attorney fees, incurred in filing its successful motions to compel and requests for attorney fees.  The court finds that the

request for $4,290.00 is reasonable under the circumstances, and the judgment will order attorney fees and costs in that amount.

In contrast, Dollar General's request for reimbursement of attorney's fees and costs incurred in filing its Third Verified Motion to Dismiss Plaintiff's Claims with Prejudice (Dkt 32) is **denied** because this court believes that this motion should not properly be considered a motion to compel pursuant to Rule 37(a)(5)(A).

**III.**

Dollar General's "motion to withdraw document no. 35" (dkt 36) is **granted.**

**IV.**

The clerk is directed to enter final judgment in this action consistent with this Entry.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   12/01/08


Copies to:

Jan S. Michelsen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jan.michelsen@odnss.com

AARON M. MUHAMMAD
P.O. Box 4082
Jeffersonville, IN 47131